**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

                                                    Case No. 4:05cv395-WS/WCS

**ERNEST R. STALEY,**

     **Defendant.**

                                 /

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

This cause is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus. Doc. 1. Petitioner paid the $5.00 filing fee.

Petitioner asserts that he is attacking the execution of sentence rather than the validity of sentence, which he claims is "a parolable issue." Doc. 1, pp. 2-3. He asserts that the sentence computation of the Bureau of Prisons (BOP) is erroneous, as his sentence was parolable because all conduct occurred before November 18, 1988. Doc. 1, attached memorandum. For relief, Petitioner asks that the BOP compute his sentence in accordance with the Substance Control Act of 1970, "that all good time backdated be updated into his sentence computation," and "that this Court Order that Petitioner's sentence as to count one be deemed parolable." Doc. 1, p. 6.

This is not a challenge to the execution of sentence, but to the non-parolable aspect of the sentence itself. Petitioner is in custody and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to a 28 U.S.C. § 2255 motion in the sentencing court. § 2255. *See also* Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied,* 540 U.S. 900 (2003) (collateral attack on the validity of a federal sentence is typically brought by § 2255 motion) (citation omitted).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 will not be considered, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255; Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). This "savings clause" language of § 2255 does not allow a petitioner "to use § 2241 to escape the restrictions on second or successive § 2255 motions." 177 F.3d at 1245. Rather,

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244 (footnote omitted); *see also* Sawyer, 326 F.3d at 1365 (applying Wofford).

Petitioner has already been denied 28 U.S.C. § 2255 relief in his criminal case. A recent motion to vacate was denied in that case as Petitioner had not obtained authorization for filing a second or successive § 2255 motion from the Eleventh Circuit. *See* docs. 176, 179, and 180 (report and recommendation, order, and judgment) in 4:88cr4045-WS.  Petitioner asserted in that motion, *inter alia*, that he could not have received a non-parolable sentence because his criminal conduct was committed before November 18, 1988, a claim which had already been rejected by the court.  Doc. 176, p. 2 and n. 1, *citing* United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1459 (11th Cir. 1991), *cert. denied,* 503 U.S. 912 (1992) (holding that non-parole provisions took effect on November 1, 1987) and United States v. Young, 975 F.2d 1537, 1539-40 (11th Cir. 1992), *cert. denied,* 507 U.S. 978 (1993) (Laetividal-Gonzalez has been implicitly overruled; the effective date of the non-parole provisions was even earlier, on October 27, 1986).  *See also* Curbelo v. United States, 993 F.Supp. 1479, 1482 (S.D. Fla. 1998) ("For offenses committed after November 1, 1987, there is no eligibility for parole – even if the corresponding statute fails to specifically require imposition of a non-parolable sentence.  After the effective date of the Guidelines any such non-parolable conditions in the statutes would be meaningless and redundant because the Guidelines entirely abolished parole.").  Petitioner's argument that his sentence was parolable has already been rejected and is baseless.

Petitioner has not satisfied any part of the Wofford test, and is not entitled to proceed under § 2241.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 1, 2005.

  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.